David R. Flyer, Bar #100697
Raquel Flyer Dachner, Bar #282248
**FLYER & FLYER, A Professional Law Corporation**
4120 Birch St., Ste. 101
Newport Beach, CA 92660
(949) 622-8445
(949) 622-8448 (fax)
davidflyer@flyerandflyer.com
raquelflyer@flyerandflyer.com

Attorneys for Plaintiff
ADVENT ENVIRONMENTAL CONSULTING, LLC

IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVENT ENVIRONMENTAL CONSULTING, LLC, a Colorado Limited Liability Co., <br><br> Plaintiff, <br><br> vs. <br><br> JOTFORM INC., a California Corporation, and DOES 1 TO 10, <br><br> Defendants. | Case No. 3:21-cv-6639 <br><br> **COMPLAINT FOR DAMAGES BASED ON:** <br><br> **(1) FRAUD IN THE INDUCEMENT;** <br> **(2) FRAUD** <br> **(3) FALSE ADVERTISING; AND** <br> **(4) BREACH OF IMPLIED CONTRACT** <br><br> **PLAINTIFF DEMANDS TRIAL BY JURY** |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

## 1. EXECUTIVE SUMMARY

Plaintiff was deceived into entering into an online agreement to supply business forms which could be customized for particular purposes by Defendants in September 2016. The on-line agreement was surreptitiously modified without Plaintiff's consent to impose restrictions that were not the subject of the agreement. Some of the critical forms supplied by Defendants could not be used for their intended purposes. When Plaintiff brought problems to Defendants' attention, Defendants falsely promised to make the forms merchantable. Plaintiff reasonably relied on Defendants' false representations to its detriment.

## 2. **JURISDICTION AND VENUE**

1. This Court has diversity jurisdiction where Plaintiff is a citizen of Colorado and Defendant is a citizen of California, and the amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C. §1332(a).

2. This Court has personal jurisdiction over Defendant, because JOTFORM INC., is a California Corporation, which has its principal place of business at 111 Pine St., Suite 1815, San Francisco, California, 94111 and provides services throughout the State of California, and within the U.S. Northern District of California, San Francisco Division, both online and through local agents and representatives. All of the Defendants perform substantial business within this Judicial District.

3. Venue properly lies within the U.S. Northern District of California pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) because Defendants are subject to personal jurisdiction in this Judicial District as set forth above, and Plaintiff has been harmed by Defendants' conduct, as described below, in this Judicial District.

## 3. **PARTIES**

4. Plaintiff is and at all times was a Colorado Limited Liability Co., with principal place of business located at 1038 Depew St., Lakewood, Colorado, 90214. The sole owner of Plaintiff is Drue Beasley, a Colorado citizen.

5. Defendant JOTFORM INC., is a California Corporation, with principal place of business located at 111 Pine St., Suite 1815, San Francisco, California, 94111, which provided services to Plaintiff here, has offices located in, and conducted substantial business within this Judicial District. Defendant provides software as a service to customers.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff will amend this complaint to show such true names and capacities when ascertained.

1       7.    At all times herein mentioned, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and was at all times herein mentioned acting within the course and scope of such agency and employment, and/or ratified the actions or omissions of each of the other Defendants. Plaintiff is further informed and believes, and thereon alleges, that each of the said Defendants is in some way responsible for the obligations hereinafter alleged.

## 4. FACTUAL BACKGROUND

8.    Plaintiff ADVENT ENVIRONMENTAL CONSULTING, LLC ("Advent") provides consulting services to property owners and businesses involving inspection of premises and analysis of hazardous conditions, including but not limited to, the presence of asbestos. Advent initiates the inspection process with a standard work authorization form, then after completion of the inspection, provides a report to each owner or business, which may include a proposal on remediation, and may also involve subsequent inspections. Since many of the activities in the authorization and inspection process, in report writing, and in billing, involve collecting and sorting/labeling similar types of data, to reduce administration costs, standard forms for data entry would be very beneficial.

9.    Defendant JOTFORM INC., ("JotForm") provides software as a service (SaaS) for building online forms. Users can create forms by accessing drag and drop form options and/or by using the complete templates. JotForm advertises on its website that users can "design professional looking forms . . . Customize with advanced styling options to match your branding," "Speed up and simplify your daily work by automating complex tasks with JotForm's industry leading features," and "Securely and easily sell products. Collect subscription fees and donations."

10.    In September 2016, based on JotForm's web advertising, Advent accessed JotForm's website to commence using standard forms.  Prior to using the forms Plaintiff was presented with website Terms of Use [TOU], sometimes referred to as "clickware" (which is defined as an adhesion contract to which a software user

-3-

COMPLAINT

must agree as a condition of receiving service).  Plaintiff agreed to the terms, which were innocuous, because the 2016 version of TOU did not limit damages, did not disclaim warranties, did not impose any private statute of limitation nor require arbitration in event of dispute.  Plaintiff accepted the then existing TOU.

11. During pre-litigation discussions with JotForm's counsel, JotForm claimed that an entirely different TOU, created on December 16, 2015, governed the conduct of contracting parties which did in fact limit damages, disclaimed warranties, imposed a private statute of limitation and required arbitration in event of dispute.  The TOU supplied by JotForm's counsel during pre-litigation discussions could not have been the version of the TOU accepted by Plaintiff in 2016.  Either Plaintiff did not see the TOU, because it was unnoticeable, inconspicuous, or viewing the TOU was not a condition of using the forms on Defendant's website, or the version of the TOU supplied during pre-litigation discussions is a false or recently created document.  JotForm may have reconstructed the contractual arrangement between the parties with a false TOU, for its own financial benefit.  Had the false TOU been in place in September 2016, Plaintiff would never have entered into a contractual arrangement with JotForm.  Plaintiff was fraudulently induced to enter into a contract with Defendants.

12. JotForm's one-size-fits-all forms required a substantial time investment to gain familiarity with the forms, build, utilize, revise and then input data. After inputting the data, Advent discovered that many of the functions of the forms did not operate as promised. The problems related generally to: (1) losing data in the entire live form, in fields of the live form, or in boxes on the live form, requiring cure by manually re-keying the data; (2) being unable to load forms to pdf for transferring information to customers; (3) being unable to access stored data or to print stored data; (4) multiple pdf editor system malfunctions, including glitches which caused entire documents to disappear, again requiring a cure by manually recreating the documents; (5) pdf documents not generating as they appear in the editor system

requiring excessive resizing of elements and then downloading to verify correctness; (6) incompatibility with apps; (7) glitches created by JotForm updating or modifying forms, some of which forms actually had been working acceptably, but which failed to work after modification requiring Advent to make revisions to accommodate JotForm's unrequested changes; (8) inability to go to the next page on live forms that were saved; (9) inability to download some forms for off-line use; and (10) forms not fully visible on the embedded site.

13.     Advent reported these problems to JotForm. JotForm had its staff attempt to replicate the problems Advent encountered and was able to replicate the problems in many instances. Replication meant that JotForm could identify the problems, the problems were legitimate, but yet JotForm was unable to solve them. Inability to solve the problems did not stop JotForm from promising to solve the problems with expenditure of additional time by Plaintiff, which in turn caused Advent to spend much more time on needless administration.

14.     JotForm's staff falsely promised to investigate and to resolve virtually all of the problems presented to it by Advent. Its staff promised to have the problems submitted to JotForm "developers," or its "back-end team." However, at the end of the day, JotForm, knowing beforehand that it was unable to solve the problems, simply stopped responding to Advent. Advent reasonably relied on the false representations made by JotForm's staff. Advent explained the urgency of resolving the problems and the time committed to endlessly recurring glitches. Advent's problems were ignored, causing Advent to waste valuable time, resources and money.

## FIRST CAUSE OF ACTION
## FRAUD IN THE INDUCEMENT
### Against All Defendants

15.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 14 as though fully set forth herein.

///

16. JotForm fraudulently induced Advent to enter into TOU. Prior to using JotForm's software, in September 2016, Plaintiff was presented with website TOU, sometimes referred to as "clickware." Plaintiff agreed to the terms, which were innocuous, because the TOU did not limit damages, did not disclaim warranties, did not impose any private statute of limitation nor require arbitration in event of dispute. Plaintiff accepted the then existing TOU.

17. JotForm claimed that an entirely different TOU, allegedly created on December 16, 2015, governed the conduct of contracting parties which did in fact limit damages, disclaimed warranties, imposed a private statute of limitation and required arbitration in event of dispute. The TOU supplied by JotForm's counsel during pre-litigation discussions could not have been the version of the TOU accepted by Plaintiff in 2016. JotForm has reconstructed the contractual arrangement between the parties with a false TOU, for its own financial benefit. Had the false TOU been in place in September 2016, Plaintiff would never have entered into a contractual arrangement with JotForm. Plaintiff was fraudulently induced to enter into a contract with Defendants. JotForm intended to deceive Plaintiff because it knew that its entirely different December 16, 2015 TOU was unreasonably restrictive such that a user with actual notice, such as Plaintiff, would never have agreed to the TOU.

18. Advent reasonably relied on the TOU existing on JotForm's web site in September 2016, by investing its own time and effort, to its significant detriment.

19. Advent's reliance on JotForm's TOU representations was a substantial factor in causing its harm. JotForm did not warn Advent of likely problems with its computer programming services, and did not warn Advent of any limitation of the remedies available in the event of dispute, causing Advent to incur substantial costs and damages to its business when the computer software later failed to perform as represented.

///

## SECOND CAUSE OF ACTION

## FRAUD

## Against All Defendants

20. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 19 as though fully set forth herein.

21. JotForm was aware of the problems in its software and was able to replicate most of the problems presented to it by Advents, meaning the problems were legitimate. JotForm promised to resolve the problems through the expenditure of time and resources. JotForm's promises were made by its staff in writing within the last three years. Specifically, JotForm Support Staff sent Plaintiff the following messages through JotForm's online chat system: On October 15, 2018, JotForm Support Kiran wrote to Plaintiff: "The question with the emails has been moved to a separate thread and shall be addressed there shortly." On June 28, 2019 JotForm Support John Rex wrote to Plaintiff: "But I will also escalate a ticket to our developers so they could check why this could happen and push a change if possible. We will inform you when this is done." On January 15, 2020, JotForm Support Kevin G., wrote to Plaintiff: "Unfortunately, we cannot provide an ETA about when the issue will be fixed; however, I'm asking for updates to our back-end team, we will let you know as soon as we receive anything from them." On March 31, 2020, JotForm Support Sonnyfer wrote to Plaintiff: "This is a known issue and is currently being checked by our backend team. . . . We will notify you on this thread as soon as we have updates to share." On April 15, 2020, JotForm Support Kiran wrote to Plaintiff: " I am checking on this and get back to you with relevant information at the earliest possible." On April 23, 2020, JotForm Support Vincent Jay wrote to Plaintiff: "I forwarded the issue to our developers. . . . We will notify you on this thread if we have any updates from our developers." On July 31, 2020, JotForm Support Richie P., wrote to Plaintiff: "I was able to replicate the issue when I used Google Chrome. I have created a support ticket regarding this issue at this support ticket . . ." On July 31,

2020, Richie P., wrote again to Plaintiff: "I have escalated the issue to our back-end team for further investigation." On August 13, 2020, JotForm Support Ed Hughes wrote to Plaintiff: " I apologize for the inconvenience caused, this is due to the latest security update included in Chrome & Safari. Our developers are aware and are actively working to resolve it at the moment." On August 24, 2020, JotForm Support Bojan J., wrote to Plaintiff: "I will send a message to our Developers to see what is the progress of resolving this problem. I will forward them your urgency and let them know you need to fix this as soon as possible." On September 14, 2020, JotForm Support Welvin wrote to Plaintiff: "We apologize for the inconvenience. . . . I have now forwarded this ticket to our developers for further investigation of this problem. Once we have an update, you'll be notified here." On October 23, 2020, JotForm Support Lorenz A., wrote to Plaintiff: "Let me forward this to our back-end team so that they can further check the issue We'll notify you on this thread as soon as there's an update." On March 23, 2021, JotForm Support John Rex wrote to Plaintiff: "I'm having trouble loading your form even the cloned one.  Allow me some time to conduct further tests and get back to you here with my findings." In the end, it turned out that JotForm's responses were just to give Plaintiff the run-around, as there was actually no intent to resolve the issues and the problems remain unresolved.

22.  JotForm's promises were false. JotForm knew or should have known that its repeated representations of ability to resolve the problems were false. To disguise its inability to resolve the problems, JotForm recreated the agreement between the parties sometime after September 2016.  Where the original agreement governing the relationship between the parties did not limit damages, did not disclaim warranties, did not impose any private statute of limitation nor require arbitration in event of dispute, the recreated document restricted damages, disclaimed warranties including warranty for an intended purpose, imposed a private statute of limitation and required arbitration.

///

[C:\All Files\A2115\Drafts\Complaint4.wpd]

23. JotForm made the representations of resolveability expecting Advent to rely in order to keep Advent as a paying customer and to avoid JotForm's liability for breach of contract due to its inability to perform under its agreement with JotForm and as advertised.

24. Advent reasonably relied on JotForm's representations, by investing its own time and effort, to its significant detriment. Advent would not have continued to use JotForm's services, expending its resources and time, but for JotForm's representations.

25. Advent's reliance on JotForm's representations was a substantial factor in causing its harm. JotForm strung Advent along, causing Advent to incur substantial costs and damages to its business when the software failed to perform as promised and as advertised.

## THIRD CAUSE OF ACTION
## FALSE ADVERTISING
### Against All Defendants

26. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 25 as though fully set forth herein.

27. JotForm advertises on its website that its users can "design professional looking forms . . . Customize with advanced styling options to match your branding," "Speed up and simplify your daily work by automating complex tasks with JotForm's industry leading features," and "Securely and easily sell products. Collect subscription fees and donations." When these features did not work as promised, JotForm's staff told Plaintiff that they would resolve the issues. These statements were false, and instead of the software working as advertised or the issues getting resolved by Defendants' staff, Plaintiff ended up wasting time, money and resources on the software that failed to perform as advertised.

28. JotForm's false or misleading representations of fact in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of its

services.

29. JotForm's use of false or misleading representations of fact had and has the tendency to deceive a substantial portion of the target consumer audience, or actually deceives the target consumers.

30. JotForm's false or misleading representations of fact are material because they are likely to influence the purchasing decision of the target consumers.

31. JotForm knows that its representations of fact are false or misleading.

32. JotForm's false or misleading representations are the direct cause of Plaintiff's injuries. Had JotForm informed Plaintiff that its software issues could not be resolved, Plaintiff would not have continued to waste time and resources by relying on software that repeatedly failed to perform as advertised.

## FOURTH CAUSE OF ACTION

### BREACH OF IMPLIED CONTRACT

**Against All Defendants**

33. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 32 as though fully set forth herein.

34. The original TOU did not limit damages, did not disclaim warranties, did not impose any private statute of limitation nor require arbitration in event of dispute. Plaintiff did not accept the different terms of use that JotForm now says were binding back when Plaintiff began using the computer generated forms. JotForm did not provide clear and conspicuous notice of any material changes to the terms of its TOU, and the TOU which Defendant claims existed on December 16, 2015, is false and cannot be binding on Plaintiff.

35. Plaintiff performed the contract terms and followed the original TOU. Plaintiff expected that the goods and services it purchased were protected by the warranty of merchantability for a particular purpose.

36. Defendant failed to fulfill its part of the contract by modifying the TOU without notice to Plaintiff and its goods and services failed to perform as promised.

37. JotForm's nonperformance caused Plaintiff's harm in incurring substantial costs and damages to its business when the software failed to perform.

Wherefore, Plaintiff prays for:

1. For economic damages of at least $75,000.00;
2. For general, special and non-economic damages of $750,000.00;
3. For attorney's fees by statute;
4. For prejudgment interest;
5. For costs; and
6. For such further relief as may be proper.

Respectfully submitted,

FLYER & FLYER, A PROFESSIONAL LAW CORPORATION

Dated: August 27, 2021          By: /s/ David R. Flyer
David R. Flyer
Raquel Flyer Dachner
Attorneys for
Plaintiff ADVENT ENVIRONMENTAL CONSULTING, LLC

**PLAINTIFF DEMANDS TRIAL BY JURY**