UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVENT ENVIRONMENTAL CONSULTING, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOTFORM INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-06639-VC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DENYING DEFENDANT'S REQUEST FOR FEES**<br><br>Re: Dkt. No. 14 |

　　　1. Jotform's motion to compel arbitration is granted. Two conditions must be met to compel arbitration: (1) there exists an agreement between the parties to arbitrate, and (2) the agreement "covers the dispute" between them. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). When Advent signed up for Jotform's web service, it agreed to its Terms of Service in the signup flow. Those terms contain an arbitration provision, requiring "the use of arbitration on an individual basis to resolve disputes, rather than jury trials or class actions," and limiting "the remedies available . . . in the event of a dispute." Because Advent agreed to the provision by creating its Jotform account, there exists an arbitration agreement between the parties. The agreement also covers this dispute. Advent's complaint alleges that Jotform falsely promised to fix problems with its product, misleadingly advertised, and breached its contract with Advent. The agreement to "resolve disputes" with arbitration covers Advent's claims.

　　　The complaint alleges that Jotform "fraudulently induced Advent to enter into" the Terms of Service, claiming that the terms at the time "did not . . . require arbitration in event of dispute." But Advent seems to have abandoned this allegation in its opposition to Jotform's motion, arguing instead that it "did not see the arbitration provision" because it "was

inconspicuous." Jotform, for its part, has submitted a screenshot documenting the signup flow as of September 2016, when Advent created its account. The signup form admonished the user: "By clicking 'Create My Account' you agree to our Terms of Service and Privacy Policy." Those words appeared directly beneath the "Create My Account" button. Whether Advent actually read those Terms is neither here nor there—the screenshot shows that it agreed to the arbitration provision by creating its Jotform account. *See In re Facebook, Inc., Consumer Privacy User Profile Litigation*, 402 F.Supp.3d 767, 790–92 (N.D. Cal. 2019).

  Nor is Jotform's arbitration clause unconscionable under California law. The provision appeared in bolded text near the top of the Terms of Service—Advent cannot claim unfair surprise. Its substantive arguments about the clause's material provisions are likewise meritless.

  2. That leaves the question whether Jotform is entitled to recover attorney's fees for costs associated with compelling arbitration. Jotform cites California law, which offers fees to the "prevailing party" in "any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded." Cal. Civ. Code § 1717. The Terms of Service, in turn, require that Advent "indemnify" Jotform "from and against any and all . . . fees (including reasonable attorneys. [sic] fees) . . . as a result of or arising from" a "violation of these Terms."

  There are three problems with the fee motion. First, it is not ripe. The Northern District's local rules require that counsel "meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees." L.R. 54-5.

  Second, the Court is skeptical that Jotform is entitled to fees incurred in connection with the motion to compel arbitration. Some contracts include (in addition to general language regarding the prevailing party's entitlement to attorney's fees) specific language stating that if a party succeeds on a motion to compel arbitration, that party is entitled to recover fees on that motion. *See Monster Cable Products, Inc. v. Feldman*, 2013 WL 12444309, at *1 (N.D. Cal. Feb. 27, 2013); *Acosta v. Kerrigan*, 150 Cal.App.4th 1124, 1132 (Cal. Ct. App. 2007). Here, Jotform relies on a general provision entitling the parties to fees arising from a violation of the

contract. It is not obvious that filing a lawsuit in the face of an arbitration agreement is a "violation" of the contract. If a party has a good-faith basis for believing that the dispute is not covered by the agreement (or that the agreement is invalid), it's not clear why the party would be breaching the contract by filing a lawsuit to test those arguments. And while Advent's arguments against arbitration are weak, Jotform has not shown that they were wholly frivolous or made in bad faith. Nor, incidentally, is this a case where the contract clearly delegates the question of arbitrability to an arbitrator. This further legitimizes Advent's decisions to bring the matter to court for adjudication of the arbitrability question. And because the language of the contract appears ambiguous as it relates to Jotform's entitlement to fees incurred in a motion to compel arbitration, there may be an argument that the ambiguity must be resolved against Jotform, the drafter. *See In re Facebook*, 402 F.Supp.3d at 789–90.

Third, it's not clear that this Court, as opposed to the arbitrator, should be adjudicating this fee motion. The question here is whether Advent committed a breach of contract by filing suit rather than initiating arbitration. The contract gives the arbitrator authority to decide whether Advent breached the contract. At least in a situation like this—where it is unclear whether filing a lawsuit constitutes a breach of the agreement that would trigger a fee award—it is arguably the arbitrator, not this Court, who should decide the fee request.

The motion to compel arbitration is granted and the case is dismissed without prejudice. Jotform's motion for fees is denied without prejudice to seeking fees from the arbitrator (or filing a renewed motion for fees in this Court within 14 days that adequately addresses the concerns expressed in this ruling).

**IT IS SO ORDERED.**

Dated: January 3, 2022

_____
VINCE CHHABRIA
United States District Judge